1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  Farrah Grant (SBN 293898)
     farrah@setarehlaw.com
4  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   DEBORAH HUBBARD

8

9

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  DEBOARH HUBBARD, on behalf of herself,      Case No. 4:19-cv-04346-JST
    all others similarly situated
14                                              **CLASS AND REPRESENTATIVE ACTION**
              *Plaintiff*,
15                                              **FIRST AMENDED COMPLAINT**
         vs.
16                                              1.  Violation of 15 U.S.C.  1681(b)(b)(2)(A)
    HENKEL CORPORATION, a Delaware                   (Fair Credit Reporting Act)
17  corporation; and DOES 1 through 50,         2.  Failure to Provide Meal Periods (Lab. Code
    inclusive,                                       §§ 204, 223, 226.7, 512 and 1198);
18                                              3.  Failure to Provide Rest Periods (Lab. Code
              *Defendants*.                          §§ 204, 223, 226.7 and 1198);
19                                              4.  Failure to Pay Hourly Wages (Lab. Code §§
                                                    223, 510, 1194, 1194.2, 1197, 1997.1 and
20                                                  1198);
                                                5.  Failure to Provide Accurate Written Wage
21                                                  Statements (Lab. Code §§ 226(a));
                                                6.  Failure to Timely Pay All Final Wages
22                                                  (Lab. Code §§ 201, 202 and 203);
                                                7.  Unfair Competition (Bus. & Prof. Code §§
23                                                  17200 *et seq.*).;
                                                8.  Civil Penalties (Lab. Code §§ 2698 *et seq.*);
24                                              9.  Failure to Indemnify (Lab. Code § 2802).
                                                **JURY TRIAL DEMANDED**
25

26

27

28

64977846v.2

COMES NOW, Plaintiff DEBORAH HUBBARD ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against Defendant HENKEL CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.      Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.      Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*).

4.      Plaintiff brings this class and representative action against Defendants for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

(1)     failed to provide her and all other similarly situated individuals with meal periods;

(2)     failed to provide them with rest periods;

(3)     failed to pay them premium wages for missed meal and/or rest periods;

(4)     failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5)     failed to pay them at least minimum wage for all hours worked;

(6)     failed to pay them overtime wages at the correct rate;

(7)     failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(8)     failed to provide them with accurate written wage statements; and

1

FIRST AMENDED COMPLAINT

64977846v.2

1   (9)    failed to pay them all of their final wages following separation of

2          employment.

3          Based on these alleged Labor Code violations, Plaintiff now brings this class and

4   representative action to recover unpaid wages, restitution and related relief on behalf of herself, all

5   others similarly situated, and the general public.

6                          **JURISDICTION AND VENUE**

7          5.    This Court has federal question jurisdiction to hear this case because Plaintiff alleges

8   a claim under the FCRA. The Court may exercise supplemental jurisdiction over Plaintiff's non-

9   federal claims.

10         6.    Venue is proper in this district pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and

11  1446(a). This action was originally brought in the Superior Court of the State of California, County

12  of Contra Cosa and thus removal to this Court is appropriate under Civil Local Rules 3-2(c) and (d).

13                                  **PARTIES**

14         7.    Plaintiff DEBORAH HUBBARD is, and at all relevant times mentioned herein was,

15  an individual residing in the State of California.

16         8.    Plaintiff is informed and believes, and thereupon alleges that Defendant HENKEL

17  CORPORATION is, and at all relevant times mentioned herein was, a Delaware corporation doing

18  business in the State of California.

19         9.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

20  DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

21  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

22  when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

23  fictitiously named defendants are responsible in some manner for the occurrences, acts and

24  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

25  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

26  capacities of the DOE defendants when ascertained.

27         10.   Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

28  mentioned herein, some or all of the defendants were the representatives, agents, employees,

2
64977846v.2

1  partners, directors, associates, joint venturers, principals or co-participants of some or all of the

2  other defendants, and in doing the things alleged herein, were acting within the course and scope of

3  such relationship and with the full knowledge, consent and ratification by such other defendants.

4        11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

5  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

6  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

7  acts and omissions alleged herein.

8  **CLASS ALLEGATIONS**

9        12.    This action has been brought and may be maintained as a class action pursuant to

10  FRCP 23 because the class is so numerous that joinder of all members is impracticable, there are

11  questions of law or fact common to the class, the claims or defenses of the representative parties are

12  typical of the claims or defenses of the class and the representative parties will fairly and adequately

13  protect the interests of the class. Plaintiff is unaware of any difficulties likely to be encountered in

14  managing this case as a class action.

15        13.    **Relevant Time Period**:  The relevant time period is defined as the time period

16  beginning four years prior to the filing of this action until judgment is entered.

17      **FCRA Class:**  All of Defendants' current, former and prospective applicants for
18  employment in the United States who applied for a job with Defendants at any time during
the period for which a background check was performed beginning five years prior to the
filing of this action and ending on the date that final judgment is entered in this action.

19

20      **Hourly Employee Class**:  All persons employed by Defendants in hourly or non-exempt
positions in California during the **Relevant Time Period**.

21          **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
shift in excess of five hours during the **Relevant Time Period**.

22

23          **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
of at least three and one-half (3.5) hours during the **Relevant Time Period**.

24          **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members
employed by Defendants in California during the period beginning one year before

25  the filing of this action and ending when final judgment is entered.

26          **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
separated from their employment with Defendants during the period beginning three

27  years before the filing of this action and ending when final judgment is entered.

28      **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California

3
FIRST AMENDED COMPLAINT

during the **Relevant Time Period**.

**Expense Reimbursement Class:**  All **Hourly Employee Class** members who incurred unreimbursed business expenses during the **Relevant Time Period**.

14.    **Reservation of Rights**:  Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

15.    **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

16.    **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A.    Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001 section 101(c)(1);

B.    Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

C.    Whether Defendants willfully failed to comply with the FCRA;

D.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

E.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

F.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

G.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

64977846v.2

H.   Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

I.   Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

J.   Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

K.   Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

L.   Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

M.   Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

N.   Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

O.   Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

17.   **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

18.   **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

64977846v.2

1 and adequately represent and protect the interests of the other class members.

2      19.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

3 they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

4 wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

5 behalf of Plaintiff and absent class members.

6      20.   **Superiority:** A class action is vastly superior to other available means for fair and

7 efficient adjudication of the class members' claims and would be beneficial to the parties and the

8 Court. Class action treatment will allow a number of similarly situated persons to simultaneously

9 and efficiently prosecute their common claims in a single forum without the unnecessary

10 duplication of effort and expense that numerous individual actions would entail. In addition, the

11 monetary amounts due to many individual class members are likely to be relatively small and would

12 thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.

13 Moreover, a class action will serve an important public interest by permitting class members to

14 effectively pursue the recovery of monies owed to them. Further, a class action will prevent the

15 potential for inconsistent or contradictory judgments inherent in individual litigation.

16                       **GENERAL ALLEGATIONS**

17      21.   Plaintiff worked for Defendants as a non-exempt, hourly employee from

18 approximately May 16, 2016 through July 16, 2018.

19      22.   When Plaintiff applied for employment, Defendants performed a background

20 investigation on Plaintiff.

21      23.   On information and belief, Defendants did not provide legally compliant disclosure

22 and authorization forms to Plaintiff and the putative class.

23                      **Shortened Meal Periods**

24      24.   Plaintiff alleges that, at all relevant times during the applicable limitations period,

25 Defendants maintained a policy or practice of interrupting Plaintiff and the putative class' meal

26 periods. Defendant's management team often required Plaintiff and the putative class to return to

27 their duties and work-related tasks after only 15-20 minutes into their meal period to complete their

28 daily tasks on time.

25.     Accordingly, Plaintiff and the putative class were provided with shortened meal periods because they were required to return to their work stations to complete their daily tasks on time.

26.     Plaintiff alleges that, at relevant times during the applicable limitations period, due to Defendants above-mentioned policy or practice, Plaintiff and the putative class did not receive their full thirty (30) minutes uninterrupted meal periods that they were entitled under California law.

**Clock In Process**

27.     When Plaintiff and putative class arrived for work, they had to park their cars and enter through a building to get to the electronic time clock that was located within their corresponding building. This travel time was under Defendant's control and lasted approximately five minutes. When they approached the time clock, they had to scan in their badge, run their finger through the fingerprint scanner and punch in their code to be clocked in automatically. This process also took approximately five minutes before Plaintiff and the putative class were clocked in for their shift.

28.     Accordingly, by the time Plaintiff and the putative class logged in for their shift, approximately ten minutes had passed – all of which were not properly recorded as time worked and which resulted in Plaintiff and the putative class not being paid for all hours worked by Defendants.

**Clock Out Process**

29.     Similarly, upon clocking out for each work shift, Plaintiff and the putative class were required to travel to their vehicles located on Defendant's property to leave for the day. This travel time was under Defendant's control as they were leaving. This time lasted approximately five minutes until Plaintiff and the putative class were off Defendant's property.

30.     Accordingly, after Plaintiff and the putative class clocked out of their shifts, they were required to spend approximately five minutes to travel to their personal vehicles located on Defendant's property to leave for the day – all of which were not properly recorded as time worked and which resulted in Plaintiff and the putative class not being paid for all hours worked by

64977846v.2

1  Defendants.

2                                    **Off-the-Clock Work**

3          31.    Plaintiff and the putative class were not paid all wages earned as Defendants

4  directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock

5  work.

6          32.    Plaintiff and the putative class regularly spoke with Defendant's management team

7  regarding their work-related duties and tasks. Plaintiff and the putative class received text messages

8  from their supervisor asking them questions about their duties while on their days off and any other

9  time throughout the day.

10         33.    As a result of performing off-the-clock work that was directed, permitted or

11 otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this

12 time.  Instead, Defendants only paid Plaintiff and the putative class based on the time they were

13 clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent

14 working off-the-clock.

15         34.    Defendants knew or should have known that Plaintiff and the putative class were

16 performing work before and after their scheduled work shifts and failed to pay Plaintiff and the

17 putative class for these hours.

18         35.    Defendants were aware of this practice and directed, permitted or otherwise

19 encouraged Plaintiff and the putative class to perform off-the-clock work.

20         36.    As a result of Defendants' policies and practices, Plaintiff and the putative class were

21 not paid for all hours worked.

22

23                                    **Missed Meal Periods**

24         37.    Plaintiff and the putative class members were not provided with meal periods of at

25 least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

26 scheduling each meal period as part of each work shift; (2) chronically understaffing each work

27 shift with not enough workers; (3) imposing so much work on each employee such that it made it

28 unlikely that an employee would be able to take their breaks if they wanted to finish their work on

                                             8
64977846v.2

time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

38.     Plaintiff and the putative class routinely worked through their meal periods in order to complete their tasks in a timely manner because Defendant was so short staffed that they often worked by themselves and relief was not provided. Additionally, their workload was so substantial that Plaintiff and the putative class had to shorten their meal periods so they could return to work to complete their tasks in a timely manner. Also, Defendant's supervisor had a habit of interrupting Plaintiff and the putative class' meal periods by requesting that they tend to their duties, knowing that they had clocked out for their meal period.

39.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked because they were so short staffed that there was no relief provided, their given workload was so substantial that they had to shorten their meal period to return to work and complete their daily tasks, and their meal periods were regularly interrupted by their supervisor.

### Missed Meal Periods and Auto-Deduct

40.     During their employment with Defendants, Plaintiff and the putative class regularly worked eight-hour shifts. There were often times when Plaintiff and the putative class were unable to clock out for their meal periods. In one instance, Plaintiff informed her supervisor that she was unable to take her meal period that day. Her supervisor stated, "that is okay, I'll fix it" and altered Plaintiff's time to show that she had taken a compliant meal period.

41.     Plaintiffs and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

42.     As a result of Defendants' policy, Plaintiffs and the putative class were regularly not

64977846v.2

provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked because their given workload was so substantial that they had to shorten their meal period or not take it all, they would have their meal period interrupted, or there was no relief provided so they could take a proper meal period. Yet, Plaintiff and the putative class were being auto deducted for meal periods that they never took.

**Missed Rest Periods**

43.    Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

44.    Plaintiff and the putative class were unable to take proper rest breaks while they were employed with Defendants. Defendants were constantly short staffed which left Plaintiff and the putative with inadequate relief to take their breaks. Additionally, the workload that they were given was so substantial that Plaintiff and the putative class regularly worked through their rest breaks to complete their work in a timely manner.

45.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked because there was inadequate relief provided to Plaintiff and the putative class and their workload was so overwhelming that they were required to work through their rest breaks to complete their tasks on time.

**Regular Rate of Pay**

46.    The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions, non-discretionary bonuses, and shift differentials.

47.    Plaintiff and the putative class were paid at a shift differential of $1.00 and at an

64977846v.2

overtime rate of $1.50. When Plaintiff and the putative class received their wage statements, their pay was not appropriately calculated because this differential was not included in their regular rate of pay.

48.     During the applicable limitations period, Defendants violated the rights of Plaintiff and the putative class under the above-referenced <u>Labor Code</u> sections by failing to pay them overtime wages for all overtime hours worked in violation of <u>Labor Code</u> §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and/or shift differential pay.

### **Expense Reimbursement**

1.     Plaintiff and the putative class members were required to utilize their own personal cell phone to perform their job duties.

2.     Plaintiff and the putative class members were not reimbursed for utilizing their own personal cell phone to perform their job duties.

3.     Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

### **Wage Statements**

1.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

2.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

3.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

4.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

5.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

FIRST AMENDED COMPLAINT

1    hourly rates in effect during the pay period and the corresponding number of hours worked at each

2    hourly rate by the employee" were not accurately reflected in that: all hours worked, including

3    overtime, were not included.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A))

### (Plaintiff and FCRA Class Against All Defendants)

8    49.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged

9    herein.

10    50.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

11    51.    Plaintiff and class members are "consumers" within the meaning of Section 1681a(c)

12    of the FCRA because they are "individuals."

13    52.    Section 1681a(d)(1) of the FCRA defines "consumer report" as:

"The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—

(A)    credit or insurance to be used primarily for personal, family, or household purposes;

(B)    employment purposes; or

(C)    any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

53.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

"The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information.  However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

64977846v.2

54. Section 1681b(b)(2)(A) of the FCRA provides:

Conditions for furnishing and using consumer reports for employment purposes Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–

(i) A *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis added.)

55. Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

56. Plaintiff alleges, on information and belief, Defendants' disclosures do not meet the requirement of 15 U.S.C. § 1681b(b)(2), the disclosures do not satisfy the written requirement.

57. Plaintiff alleges, upon information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be procured credit and background reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

58. Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. (15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).) The inclusion of extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

59. Although the disclosure and authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

"The disclosure may not be part of an employment application because the language [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason

for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure."

60.     In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C. section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

61.     By including extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A) and 1681d(a).

62.     Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is willful.  Defendants acts in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.  Defendants' willful conduct is reflected by, among other things, the following facts:

A.     Defendants are a large corporation with access to legal advice;

B.     Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

C.     The plain language of the statute unambiguously indicates that inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements; and

D.     The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of section 1681b(b)(2)(A) of the FCRA to include extraneous information in the disclosure form.

Accordingly, Defendants willfully violated and continue to violate the FCRA, including but not limited to, sections 1681b(b)(2)(A) and 1681d(a).  Defendants' willful conduct is reflected by, among other things, the facts set forth above.

63.     As a result of Defendants' unlawful procurement of credit and background reports by

14

64977846v.2

way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

64.    Plaintiff, on behalf of herself and all class members, seek all available remedies pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

65.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o, including statutory damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

6.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

7.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

8.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

9.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

10.    Compensation for missed meal periods constitutes wages within the meaning of

1  Labor Code section 200.

2      11.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

3  violate the applicable Wage Order.

4      12.    Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours
without a meal period of not less than 30 minutes, except that when a work period of
not more than six (6) hours will complete the day's work the meal period may be
waived by mutual consent of the employer and employee.  Unless the employee is
relieved of all duty during a 30-minute meal period, the meal period shall be
considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal
period shall be permitted only when the nature of the work prevents an employee
from being relieved of all duty and when by written agreement between the parties
an on-the-job paid meal period is agreed to.  The written agreement shall state that
the employee may, in writing, revoke the agreement at any time."

13.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period
agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**
members were not subject to valid on-duty meal period agreements with Defendants.

14.    Plaintiff alleges that, at all relevant times during the applicable limitations period,
Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal
Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for
each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage
Order.

15.    Plaintiff alleges that, at all relevant times during the applicable limitations period,
Defendants maintained a policy or practice of automatically deducting one-half hour for a meal
period from the paychecks of **Meal Period Sub-Class** members on each day they worked,
regardless of whether or not they were able to take an uninterrupted, duty-free meal period.

16.    Moreover, Defendants written policies do not provide that employees must take their
first meal period before the end of the fifth hour of work, that they are entitled to a second meal
period if they work a shift of over ten hours, or that the second meal period must commence before
the end of the tenth hour of work, unless waived.

17.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-
Class** members additional premium wages, and/or were not paid premium wages at the employees'

1    regular rates of pay when required meal periods were not provided.

2         18.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself

3    and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

4    and costs of suit.

5         19.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

6    substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the

7    **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

8                              **THIRD CAUSE OF ACTION**

9                        **FAILURE TO PROVIDE REST PERIODS**

10                       **(Lab. Code §§ 204, 223, 226.7 and 1198)**

11                        **(Plaintiff and Rest Period Sub-Class)**

12        20.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

13   herein.

14        21.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

15   non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

16   Code and the applicable Wage Order.

17        22.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

18   employers to permit and authorize employees to take required rest periods at a rate of no less than

19   ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

20   in the middle of each work period insofar as practicable.

21        23.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

22   employers from requiring employees to work during required rest periods and require employers to

23   pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

24   each workday that the employee is not provided with the required rest period(s).

25        24.    Compensation for missed rest periods constitutes wages within the meaning of Labor

26   Code section 200.

27        25.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

28   violate the Wage Order.

26.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

27.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

28.     Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

29.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

30.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>**FOURTH CAUSE OF ACTION**</u>

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

31.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

32.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

33.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

34.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt

employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

35.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

36.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

37.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

38.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

39.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

40.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

41.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

42.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

43.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

1  employers to pay non-exempt employees overtime wages of no less than two times their respective

2  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

3  worked in excess of eight hours on a seventh consecutive workday during the workweek.

4     44.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

5  centrally devised policies and practices to her and **Hourly Employee Class** members with respect

6  to working conditions and compensation arrangements.

7     45.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

8  **Employee Class** members for all time worked, including but not limited to, overtime hours at

9  statutory and/or agreed rates.

10    46.    At all relevant times during the applicable limitations period, Defendants maintained

11 a policy or practice of automatically deducting one-half hour from Plaintiff's timecard on every

12 workday for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

13    47.    Plaintiff is informed and believes that, at all relevant times during the applicable

14 limitations period, Defendants maintained a policy or practice of automatically deducting one-half

15 hour from **Hourly Employee Class** members' timecard on every workday for a meal period,

16 regardless of whether or not **Hourly Employee Class** members were provided with a meal period.

17    48.    As a result of Defendants' policy or practice of automatically deducting one-half

18 hour from employees' timecards for every workday for a meal period, Plaintiff and **Hourly**

19 **Employee Class** members were required to perform off-the-clock work that Defendants either

20 knew or should have known they were working.

21    49.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time

22 worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or

23 permitting her to work during unpaid meal periods and/or failing to properly pay Plaintiff for all

24 overtime hours worked.

25    50.    Plaintiff is informed and believes that, at all relevant times during the applicable

26 limitations period, Defendants maintained a policy or practice of not paying hourly wages to

27 **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours

28 at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

51.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

52.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

53.     Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

54.     The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee.  This requirement includes but is not limited to, commissions, non-discretionary bonuses, shift differential pay, etc.

55.     During the applicable limitations period, Defendants violated the rights of Plaintiff and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510, 1194 and 1198 by not correctly calculating their regular rate of pay to include all applicable remuneration, including but not limited to, commissions, non-discretionary bonuses, shift differential pay, etc.

56.     California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including but not limited to, commissions, non-discretionary bonuses, shift differential pay, etc., be included when calculating an employee's regular rate of pay.

57.     At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect, among other things, commissions, non-discretionary bonuses, shift differential pay, etc., as required by Labor Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants paid her premium wages in lieu of meal

FIRST AMENDED COMPLAINT

1    and/or rest periods.

2    58.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

3    during the applicable limitations period, Defendants maintained a policy or practice of paying

4    **Hourly Employee Class** members premium wages based on rates of compensation that have not

5    reflected commissions, non-discretionary bonuses, shift differential pay, etc. as required by Labor

6    Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when

7    Defendants paid them premium wages in lieu of meal and/or rest periods.

8    59.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

9    substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

10    **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

11    **FIFTH CAUSE OF ACTION**

12    **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

13    **(Lab. Code § 226)**

14    **(Plaintiff and Wage Statement Penalties Sub-Class)**

15    60.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

16    herein.

17    61.    Labor Code section 226(a) states:

18    "An employer, semimonthly or at the time of each payment of wages, shall furnish to
     his or her employee, either as a detachable part of the check, draft, or voucher paying
19    the employee's wages, or separately if wages are paid by personal check or cash, an
     accurate itemized statement in writing showing (1) gross wages earned, (2) total
20    hours worked by the employee, except as provided in subdivision (j), (3) the number
     of piece-rate units earned and any applicable piece rate if the employee is paid on a
21    piece-rate basis, (4) all deductions, provided that all deductions made on written
     orders of the employee may be aggregated and shown as one item, (5) net wages
22    earned, (6) the inclusive dates of the period for which the employee is paid, (7) the
     name of the employee and only the last four digits of his or her social security
23    number or an employee identification number other than a social security number,
     (8) the name and address of the legal entity that is the employer and, if the employer
24    is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name
     and address of the legal entity that secured the services of the employer, and (9) all
25    applicable hourly rates in effect during the pay period and the corresponding number
     of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if
26    the employer is a temporary services employer as defined in Section 201.3, the rate
     of pay and the total hours worked for each temporary services assignment.  The
27    deductions made from payment of wages shall be recorded in ink or other indelible
     form, properly dated, showing the month, day, and year, and a copy of the statement
28    and the record of the deductions shall be kept on file by the employer for at least

64977846v.2

three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

62.     The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

63.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

64.     Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

65.     Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

66.     Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

67.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

68.     At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

69.     At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

70.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

71.     At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

72.     During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

73.     Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

74.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

**Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

75.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

76.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

77.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

<u>**SEVENTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

78.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

79.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

80.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

81.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

64977846v.2

82.    Plaintiff and the **UCL Class** members re-alleges and incorporates the SECOND, THIRD, and FOURTH causes of action herein.

83.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

84.    Defendants have or may have acquired money by means of unfair competition.

85.    Defendants have violated Federal and California laws through their policies and practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

86.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

87.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to provide non-exempt employees with uninterrupted, duty-free rest breaks of at least fifteen minutes each work period of  four hours, by failing to pay non-exempt employees for all hours worked, along with other allegations contained here.

88.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

89.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*.  Business and Professions Code sections 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

64977846v.2

behalf of similarly situated persons in a class action proceeding.

90.     As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

91.     Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

92.     Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

93.     California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

94.     Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

95.     Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself  **and UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

96.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff **and UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

97.     Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

herself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

98.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698 *et seq.*)

99.     Plaintiff incorporates the preceding and below paragraphs of the Complaint as if fully alleged herein.

100.     During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198, and 2802.

101.     Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

102.     Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

103.     Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

104.     Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198, and 2802:

        A.     For violations of Labor Code sections 201, 202, 203, 212, 226.7, 1194, 1198, and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation

1     (penalties set by Labor Code section 2699(f)(2));

2     B.     For violations of Labor Code section 203, a penalty in an amount not

3     exceeding thirty days pay as waiting time (penalties set by Labor Code

4     section 256);

5     C.     For violations of Labor Code section 204, $100 for each employee for each

6     initial violation that was neither willful nor intentional, $200 for each

7     employee, plus 25% of the amount unlawfully withheld from each employee,

8     for each initial violation that was either willful or intentional, and $200 for

9     each employee, plus 25% of the amount unlawfully withheld from each

10     employee, for each subsequent violation, regardless of whether the

11     subsequent violation was either willful or intentional (penalties set by Labor

12     Code section 210);

13     D.     For violations of Labor Code section 223, $100 for each employee for each

14     initial violation that was neither willful nor intentional, $200 for each

15     employee, plus 25% of the amount unlawfully withheld from each employee,

16     for each initial violation that was either willful or intentional, and $200 for

17     each employee, plus 25% of the amount unlawfully withheld from each

18     employee, for each subsequent violation, regardless of whether the

19     subsequent violation was either willful or intentional (penalties set by Labor

20     Code section 225.5);

21     E.     For violations of Labor Code section 226(a), if this action is deemed to be an

22     initial citation, $250 for each employee for each violation.  Alternatively, if

23     an initial citation or its equivalent occurred before the filing of this action,

24     $1,000 for each employee for each violation (penalties set by Labor Code

25     section 226.3);

26     F.     For violation of Labor Code sections 510 and 512, $50 for each employee for

27     each initial pay period for which the employee was underpaid, and $100 for

28     each employee for each subsequent pay period for which the employee was

1           underpaid (penalties set by Labor Code section 558);

2        G.     For violations of Labor Code section 1197, $100 for each aggrieved

3            employee for each initial violation of Labor Code section 1197 that was

4            intentional, and $250 for each aggrieved employee per pay period for each

5            subsequent violation of Labor Code section 1197, regardless of whether the

6            initial violation was intentional (penalties set by Labor Code section 1197.1);

7        H.     Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable

8            attorneys' fees and costs in connection with her claims for civil penalties.

9

**NINTH CAUSE OF ACTION**

10

**FAILURE TO INDEMNIFY**

11

**(Lab. Code § 2802)**

12

**(Plaintiff and Expense Reimbursement Class)**

13     105.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

14 herein.

15     106.     Labor Code section 2802(a) states:

16     "An employer shall indemnify his or her employee for all necessary expenditures or
losses incurred by the employee in direct consequence of the discharge of his or her

17     duties, or of his or her obedience to the directions of the employer, even though
unlawful, unless the employee, at the time of obeying the directions, believed them

18     to be unlawful."

19     107.     At all relevant times during the applicable limitations period, Plaintiff and the

20 **Expense Reimbursement Class** members incurred necessary business related expenses and costs

21 for maintaining their personal cell phones.

22     108.     Plaintiff is informed and believes, and thereupon alleges that Plaintiff and **Expense**

23 **Reimbursement Class** members were not reimbursed for their personal cell phone expenses and

24 costs incurred in the discharge of their duties. Defendants failed to indemnify Plaintiff and **Expense**

25 **Reimbursement Class** members for all such expenditures.

26     109.     Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to

27 restitution for all unpaid amounts due and owing to within four years of the date of the filing of the

28 Complaint and until the date of entry of judgment.

64977846v.2

110.    Plaintiff, on behalf of herself, and **Expense Reimbursement Class** members, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, prays for relief and judgment against Defendants as follows:

(1)    An order that the action be certified as a class action;

(2)    An order that Plaintiff be appointed class representative;

(3)    An order that counsel for Plaintiff be appointed class counsel;

(4)    Unpaid wages;

(5)    Actual damages;

(6)    Liquidated damages;

(7)    Restitution;

(8)    Declaratory relief;

(9)    Pre-judgment interest;

(10)    Statutory penalties;

(11)    Civil penalties;

(12)    Costs of suit;

(13)    Reasonable attorneys' fees; and

(14)    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

Dated:  July 29, 2020                           SETAREH LAW GROUP


                                                _/s/ Farrah Grant_____
                                                SHAUN SETAREH
                                                THOMAS SEGAL

31

FIRST AMENDED COMPLAINT

64977846v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FARRAH GRANT
Attorneys for Plaintiff
DEBORAH HUBBARD

FIRST AMENDED COMPLAINT

64977846v.2